Jake C. Weaver (SBN 300962)
Avalon J. Fitzgerald (SBN 288167)
REYNOLDS TILBURY WOODWARD LLP
11601 Blocker Drive, Suite 105
Auburn, CA  95603
Telephone: (530) 885-8500
Facsimile: (530) 885-8113
Email:  jweaver@rtwlawllp.com
Email:  afitzgerald@rtwlawllp.com

Attorneys for Defendants VITAL DISTRIBUTIONS, LLC
and CARL HOLMES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| PEPPERIDGE FARM, INCORPORATED, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>CARL HOLMES, VITAL DISTRIBUTIONS, LLC, a California limited liability company,<br><br>Defendants. | Case No.:  2:24-cv-01432-MCE-CKD<br><br>Related Case No.: 2:22-cv-00319-MCE-CKD<br><br>**DEFENDANTS VITAL DISTRIBUTIONS, LLC'S AND CARL HOLMES' OPPOSITION TO MOTION TO REMAND**<br><br>Date:        June 27, 2024<br>Time:       10:00 a.m.<br>Courtroom:   7 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. DISCUSSION ....................................................................................................................... 2

    A. Pepperidge Waived the Right to Seek a Remand by Its Conduct. ............................. 2

        1. The forum defendant rule may be waived by conduct. ......................................... 2

        2. Pepperidge waived (and should be estopped from asserting) the right to seek a remand because of its forum-shopping and attempted claim-splitting after receiving adverse rulings in the First Action. ..................................................................................... 3

    B. If the Court Remands the Case, Costs and Fees Should Be Denied. ......................... 5

III. CONCLUSION ................................................................................................................... 6

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

Aetna Inc. v. Gilead Scis., Inc.,
 599 F. Supp. 3d 913 (N.D. Cal. 2022) ................................................................................... 3

AmerisourceBergen Corp. v. Dialysist W., Inc.,
 465 F.3d 946 (9th Cir. 2006) .................................................................................................. 4

Casola v. Dexcom, Inc.,
 98 F.4th 947 (9th Cir. 2024) ................................................................................................... 2

Johnson v. Hewlett-Packard Co.,
 546 F. App'x 613 (9th Cir. 2013) ........................................................................................... 1

Lively v. Wild Oats Mkts., Inc.,
 456 F.3d 933 (9th Cir. 2006) .............................................................................................. 1, 2

Martin v. Franklin Cap. Corp.,
 546 U.S. 132 (2005) ................................................................................................................ 5

Peterson v. Highland Music,
 140 F.3d 1313 (9th Cir. 1998) ................................................................................................ 2

In re Sorin 3T Heater-Cooler Sys. Prod. Liab. Litig.,
 No. 1:21-CV-606, 2021 WL 5447098 (M.D. Pa. Nov. 22, 2021) ..................................... 3, 5

**Statutes**

28 U.S.C. § 1447(c) .................................................................................................................. 2, 5

Fed. R. Civ. P. 13(a) ................................................................................................................. 3, 5

Fed. R. Civ. P. 15 .......................................................................................................................... 5

Fed. R. Civ. P. 16 ..................................................................................................................... 4, 5

**Other Authorities**

Local Rule 123 .......................................................................................................................... 2, 5

I.     **INTRODUCTION**

Plaintiff Pepperidge Farm, Incorporated does not dispute that this Court has subject matter jurisdiction and instead asserts a single basis for remanding the case to state court: the forum defendant rule. But that non-jurisdictional rule is waivable. Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 942 (9th Cir. 2006). Although such a waiver usually occurs by the failure to timely assert the forum defendant rule, in the circumstances here, Pepperidge should be deemed to have waived (or be estopped from asserting) the right to seek a remand because of its conduct.

Pepperidge again attempts "an end-run around this Court's adjudication of" a related action. See Case No. 2:22-cv-00319-MCE-CKD (the "First Action"), ECF No. 98 at 28. While preparing its complaint against Defendants Vital Distributions, LLC and Carl Holmes (Vital's sole principal), Pepperidge simultaneously sought leave to amend its answer and to add counterclaims to Vital's complaint in the First Action. This new action and the First Action involve the same transaction— the parties' Consignment Agreement. In this new suit, Pepperidge asserts claims that would render the Consignment Agreement voidable by alleging that the contract was fraudulently induced. An adjudication in the new action could undermine this Court's adjudication of the First Action because (1) the new suit seeks to render voidable the very contract Vital seeks to enforce in the First Action and (2) Pepperidge takes inconsistent positions in the two cases by seeking to enforce certain contractual provisions in the First Action (e.g., by exercising Paragraph 20 and seeking declaratory relief of its rights under the Consignment Agreement) while now simultaneously asserting claims that may invalidate the Consignment Agreement in this new suit.

So why is Pepperidge trying to split its claims into two lawsuits? Two answers jump out. First, Pepperidge faced a likely insurmountable hurdle if it had sought leave to assert its new claims as counterclaims in the First Action because it unreasonably delayed in asserting the claims. Pepperidge's allegations in the new action center on a loan agreement that it has known about since no later than April 2023 and that it has had in its possession since September 2023. See Johnson v. Hewlett-Packard Co., 546 F. App'x 613, 614 (9th Cir. 2013) (affirming denial of leave to amend where the plaintiff sought leave to amend 8 months after knowledge of the basis for the amendment).

1
OPPOSITION TO MOTION TO REMAND

1    Second, Pepperidge's actions display desperation to avoid this Court. Despite the clear connection between the First Action and Pepperidge's new claims, Pepperidge filed its new lawsuit in state court. Had it sued in federal court, under Local Rule 123 the case likely would have been assigned to the same judge presiding over this case (just as it has been after Vital removed the case and filed a notice of related cases). Given that likelihood, given the relatedness of the actions, given the rulings against Pepperidge in the First Action, given that Pepperidge has asked the Ninth Circuit to reassign the First Action to a new judge, and given Pepperidge's recent attempt to shift the parties' litigation to an arbitral forum after adverse rulings in the First Action, Pepperidge's choice to file this suit in state court should be viewed as another attempt to evade this Court's adjudication.

The Court should therefore deny the motion to remand.

## II.   DISCUSSION

### A.   Pepperidge Waived the Right to Seek a Remand by Its Conduct.

#### 1.   *The forum defendant rule may be waived by conduct.*

The forum defendant rule "is a procedural, or non-jurisdictional, rule," which means not only that the rule is waivable but also that a court lacks the power to remand a case to state court if a party has waived an argument under the rule. Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 939 (9th Cir. 2006) ("[B]ecause Lively failed to object, the district court exceeded its § 1447(c) authority in ordering a remand.").

Although courts usually consider a waiver of the forum defendant rule in the context of a failure to timely seek a remand under the rule, see Casola v. Dexcom, Inc., 98 F.4th 947, 950 (9th Cir. 2024) (the forum defendant rule "is waived if a plaintiff does not seek remand on that basis within 30 days of removal"), the Ninth Circuit has recognized in analogous contexts that a waiver may be effected by a party's conduct and not merely timeliness. For example, "[m]ost defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party during litigation," even if that party timely asserts the defense. Peterson v. Highland Music, 140 F.3d 1313, 1318 (9th Cir. 1998) (citing favorably Cont'l Bank, N.A. v. Meyer, 10 F.3d 1293, 1296 (7th Cir. 1993)).

Although the Ninth Circuit has not addressed whether the forum defendant rule can be waived (or the plaintiff otherwise estopped from asserting the rule) on grounds other than a failure to timely invoke the rule, some district courts have applied waiver and estoppel for inequitable conduct such as forum-shopping. See In re Sorin 3T Heater-Cooler Sys. Prod. Liab. Litig., No. 1:21-CV-606, 2021 WL 5447098, at *4 (M.D. Pa. Nov. 22, 2021) ("[C]ourts within our circuit and elsewhere have long recognized that other grounds may exist for declining to strictly enforce the nonjurisdictional rule."). "Relevant factors include the amount of time elapsed before a remand motion is filed, whether the movant has made use of federal processes or sought relief from the federal court before moving to remand, and whether the movant has engaged in conduct or reaped some benefit 'which would make it inequitable to remand the case.'" Id.; cf. Aetna Inc. v. Gilead Scis., Inc., 599 F. Supp. 3d 913, 917–22 (N.D. Cal. 2022) (recognizing forum-shopping as a valid basis for estoppel but ultimately declining to find the plaintiff estopped from asserting the forum defendant rule because both parties were guilty of forum-shopping and the plaintiff's conduct was not egregious).

> **2. Pepperidge waived (and should be estopped from asserting) the right to seek a remand because of its forum-shopping and attempted claim-splitting after receiving adverse rulings in the First Action.**

Several factors in this case uniformly reveal a transparent attempt by Pepperidge to evade this Court's adjudication.

The claims here and in the First Action are inherently intertwined because in one case Pepperidge seeks to render a contract voidable and in the other case seeks to enforce its rights under that same contract. So Pepperidge should have sought to assert its new claims as counterclaims in the First Action. See Fed. R. Civ. P. 13(a). And at the same time it was preparing its state court complaint, Pepperidge was seeking leave to assert counterclaims in the First Action (see Case No. 2:22-cv-00319-MCE-CKD, ECF No. 140), so its decision not to seek leave to assert the new counterclaims in the First Action must have been deliberate. Had Pepperidge sought such leave in the First Action, it would have needed to show "good cause" for amending to add the counterclaims, including a worthy justification for allowing the amendment at such a late stage of the case. That "good cause" standard would have applied because the time to amend provided for in

3

OPPOSITION TO MOTION TO REMAND

1  this Court's scheduling order under Federal Rule of Civil Procedure 16 had long expired. See

2  AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 952 (9th Cir. 2006) (a "tardy

3  motion" must "satisfy the *more stringent* 'good cause' showing required under Rule 16"); Case No.

4  2:22-cv-00319-MCE-CKD, ECF No. 3 at 2.

Pepperidge could not have met the "good cause" standard because it unreasonably delayed in asserting its new claims. Pepperidge's allegations center on a 2017 loan Vital obtained in connection with the distributorship. Pepperidge did not file this new action until May 2024, yet it has been aware of the loan agreement since no later than April 2023 (13 months earlier) and has had a copy of the loan agreement since September 2023 (8 months earlier). Declaration of Jake C. Weaver in support of Opposition to Motion to Remand ("Weaver Decl.") ¶ 2. In fact, Pepperidge raised the issue prior to the hearing on Vital's motion for preliminary injunction by sending an email to Vital's counsel, taking the position that the circumstances surrounding the loan "affect the scope and content of the requested injunction." Weaver Decl. ¶ 3. Yet, Pepperidge took no action at that time and instead affirmed and ratified the contract by continuing to seek enforcement of Paragraph 20 to buy out and terminate Vital.

The Ninth Circuit has "held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." AmerisourceBergen, 465 F.3d at 953 (citing Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 799 (9th Cir. 1991)). Given Pepperidge's unreasonable delay, it is no wonder that Pepperidge did not seek leave to assert the new claims as counterclaims in the First Action.[1]

Other facts show Pepperidge's filing of the new action in state court to be a gambit to avoid this Court's reach:

- Over two years into the First Action and after receiving adverse rulings, Pepperidge tried to shift the litigation to an arbitral forum. See First Action ECF No. 98 at 28.

---

[1] Apart from Pepperidge's unreasonable delay, the new claims are facially deficient (which is the subject of Vital's motion to dismiss), and facts omitted from the complaint will reveal it to be a frivolous afterthought and an improper attempt to obtain undue litigation leverage over Vital (and Carl Holmes).

4

OPPOSITION TO MOTION TO REMAND

- In its appeal from the grant of a preliminary injunction in the First Action, Pepperidge asked the Ninth Circuit to reassign the case to a different judge. Ninth Circuit Case No. 24-2118, ECF Nos. 13.1 at 66, 33.1 at 37.
- Pepperidge, by its new claims, seeks to render voidable the Consignment Agreement that Vital seeks to enforce in the First Action.
- Pepperidge no doubt knew that had it filed its new action in federal court, under Local Rule 123 the case likely would have been assigned to the same judge presiding over the First Action, which Pepperidge does not want.

This history shows Pepperidge's choice to file its new complaint in state court is nothing more than blatant forum-shopping and an attempted end-run around a sure-to-fail motion for leave to amend under Rules 15 and 16. Pepperidge's conduct makes this case analogous to Sterling. In that case, the removing party showed that the plaintiff had acted in bath faith in seeking to avoid the jurisdiction of the federal court. In re Sorin 3T Heater-Cooler Sys. Prod. Liab. Litig., 2021 WL 5447098, at *4–5. After a first lawsuit was successfully removed to federal court, the plaintiff voluntarily dismissed the action and then, despite agreeing with the defendant not to refile the suit until a later date, refiled the action anyway and served it before the defendant filed the notice of removal. Id. at *3-4. In denying the plaintiff's motion to remand the second case, the district court concluded that to remand the action "would offend fundamental principles of fairness equity, and judicial economy." Id. at *5.

So too here. Pepperidge's ploy unreasonably multiplies the proceedings. After Pepperidge received adverse rulings in the First Action and sought to belatedly assert what would be "compulsory counterclaims" in the First Action under Rule 13(a), it would be inequitable and an affront to judicial economy to let Pepperidge pursue its new claims in state court.

**B.     If the Court Remands the Case, Costs and Fees Should Be Denied.**

Although 28 U.S.C. § 1447(c) permits an order remanding a case to require the payment of attorney fees, the Supreme Court has held that when there was an objectively reasonable basis for removal, "fees should be denied." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). Vital's removal here was objectively reasonable because it is undisputed that this Court has subject matter

jurisdiction over the case and personal jurisdiction over the parties, and Pepperidge's only argument for a remand is a waivable rule, not a jurisdictional defect. Pepperidge's motion implicitly concedes that Vital's removal was objectively reasonable and does not even request fees or costs. And Vital has presented sufficient grounds for this Court to find a waiver of the forum defendant rule. So even if the Court decides to remand the case, no fees or costs should be awarded.

### III.  CONCLUSION

Pepperidge's blatant efforts to avoid this Court's further adjudication of the parties' dispute should not be rewarded. The motion to remand should be denied.[2]

Dated: June 6, 2024　　　　　　　　　　REYNOLDS TILBURY WOODWARD LLP

　　　　　　　　　　　　　　　　　　　By:  /s/ Jake C. Weaver
　　　　　　　　　　　　　　　　　　　　　Jake C. Weaver
　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　　VITAL DISTRIBUTIONS, LLC and CARL HOLMES

---

[2] Assuming this case continues before this Court, the next appropriate course will be to stay it until the First Action concludes.